## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KULWANT SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1212-SLP |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Kulwant[1] Singh, a noncitizen[2] and Indian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends the Court grant the Petition, Doc. 1, in part and order Respondents to release Petitioner immediately subject to an appropriate order of supervision.

---

[1] After review of Petitioner's immigration records, the undersigned corrects the spelling of Petitioner's first name on the docket to reflect "Kulwant."

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    **Background**

Petitioner, a citizen of India, entered the United States on December 21, 2022, without inspection or admission near Lukeville, Arizona. Doc. 7-1 at 1 (Notice to Appear). On March 17, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and (2) under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. Doc. 7-1 at 1, 4. At some point thereafter, Petitioner was released into the United States on conditional parole, and he filed an application for asylum. Resp. at 1.

On September 27, 2025,[3] ICE re-detained Petitioner after inspection at a truck weigh station. Pet. at 7; Doc. 7-5 (Notice of Alien Address Change). Petitioner alleges he was re-detained without a warrant. Pet. at 7. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 2-3. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

---

[3] Petitioner alleges he was detained on September 23, 2025, Pet. at 7, while ICE records indicate he was taken into ICE custody on September 27, 2025, Doc. 7-5. The exact date Petitioner transferred into ICE custody does not impact the undersigned's analysis or conclusion.

On April 13, 2026, an IJ ordered Petitioner removed.  Doc. 7-3 at 1, 3 (Order of Removal).  However, on May 18, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending.  Doc. 7-4 at 1 (Receipt for Appeal to Board of Immigration Appeals); *see also* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 28, 2026).  Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 28, 2026).

## II.    Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process and ICE Regulations.**  Petitioner alleges his re-detention without notification or an interview to respond to the reasons for his re-detention violates his right to due process and 8 C.F.R. § 241.4(l).  Pet. at 7.

- **Count II: Violation of the Immigration and Nationality Act ("INA")**.  Petitioner alleges his re-detention without a warrant violates the INA.  *Id*. at 7.

- **Count III: Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges his continued detention of more than six months without a court date violates the APA and due process.  *Id.* at 7-8.

- **Count IV: Violation of the Immigration and Nationality Act ("INA")**.  Petitioner alleges his continued detention without an individualized bond hearing violates 8 U.S.C. § 1226.  Pet. at 8.

He asks the Court to "order [his] immediate release through an Order of Supervision, a bond hearing, or an alternative."  Pet. at 8.

3

**III.    Standard of Review**

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV.    Analysis**

**A.    Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

4

Petitioner alleges his detention without an individualized bond hearing violates § 1226(a).  Pet. at 8.  Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A), meaning he is not entitled to a bond hearing.  Resp. at 2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country."  *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at *5.  Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.  *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

---

[4] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  In contrast, the Fifth and Eighth Circuits recently applied

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at *6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B.    Petitioner's warrantless arrest violated the INA, and the proper remedy is release.**

Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). Petitioner alleges "no active warrant was served when [he] was arrested and detained into ICE custody." Pet. at 7 (citation modified). Respondents assert "there is no requirement that Petitioner be served an active warrant under [§] 1225" and § 1226(a) permits but does not require the Attorney General to issue warrants for the arrest and detention of noncitizens pending removal proceedings. Resp. at 10. Respondents also argue that "even if this Court finds that Petitioner should have been served with a warrant under § 1226, the Tenth Circuit has held that, once initiated, immigration proceedings 'must be allowed to proceed without the intervention of proceedings in the district court challenging the arrest.'" Resp. at 11 (quoting *Min-Shey Hung v. United States*, 617 F.2d 201, 202 (10th Cir. 1980)).

---

§ 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

Respondents further contend that if Petitioner's constitutional rights were violated, he would merely "be entitled to suppression of the evidence not dismissal of the proceedings," meaning there is no independent basis for habeas relief for Respondents' failure to produce a warrant. *Id.* (quoting *Luevano v. Holder*, 600 F.3d 1207, 1213 (10th Cir. 2011)) (citation modified). Respondents, however, do not allege that a warrant was ever issued or presented for Petitioner's arrest.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at \*2 (D. Minn. Feb. 23, 2026) (citation modified). Here, there is no evidence in the record of a properly issued warrant for Petitioner's arrest under § 1226(a), and Respondents do not assert one exists. Without evidence in the record, Respondents cannot rebut Petitioner's allegation that he was detained without a warrant. *See Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at \*4 (W.D. Okla. Feb. 20, 2026) (holding that where "supporting facts were necessarily in ICE's possession at the time of re-detention and remain within its control," the government should produce "documentation" of those facts); *cf. Sajbochol v. Figueroa*, No. CIV-26-193-J, Order, Doc. 14 at 3 (W.D. Okla. Apr. 16, 2026) (declining to adopt recommendation that noncitizen detainee be released where the government included the warrant with its objections to the Magistrate Judge's Report and Recommendation).

Without evidence of any warrant in the record, the undersigned concludes Petitioner was improperly detained pursuant to § 1226(a) without a warrant, and his detention was

7

unlawful from the moment it began.  The undersigned is not persuaded by Respondents

assertions that "there is no independent basis for habeas relief for not producing a warrant."

Resp. at 11.[5]  Accordingly, the Court should grant Petitioner immediate release, subject to

any appropriate order of supervision.  *See, e.g.*, *Aguilar-Huanga v. Figueroa*, No. CIV-26-

115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release

"subject to an appropriate Order of Supervision" for a noncitizen who had been detained

under § 1226(a) where his "arrest was warrantless"); *Singh v. Bondi*, No. CIV-26-43-J,

2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (recommending immediate release

for a noncitizen detained under § 1226(a) where no warrant was issued for his arrest),

*adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026).

Other courts outside this District have similarly ruled.  *See, e.g.*, *Canedo-Luna v.*

*Valdez*, No. 26-CV-02094, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing Judge

Jones's order in *Singh* and ordering immediate release under § 1226(a) for a similarly

situated petitioner who "clearly alleges circumstances surrounding her arrest, which render

---

[5] The cases cited by Respondents are distinguishable.  In *Min-Shey Hung*, the Tenth Circuit "held that the lack of a warrant did not invalidate petitioner's detention because respondents followed the procedure in 8 U.S.C. § 1357(a)(2), which allows for arrest without a warrant in certain cases."  *Martinez-Salamanca v. Baltazar*, No. 26-CV-02410-PAB, 2026 WL 2083209, at *2 n.6 (D. Colo. July 20, 2026).  Here, "Respondents do not claim that § 1357(a)(2) is applicable."  *Id.*  Further, Petitioner is not challenging his removal proceedings in Immigration Court or seeking dismissal of those proceedings; nor is he seeking relief under the Fourth Amendment.  *See Luevano*, 660 F.3d at 1212-13 (discussing whether the noncitizen's due process was violated based on a Fourth Amendment violation leading to his arrest and immigration detention).  Rather, Petitioner alleges and the undersigned considers whether Respondents violated requirements of § 1226(a) when arresting Petitioner without a warrant as required by that statute.

the existence of a warrant highly unlikely," and "Respondents have not controverted any of these allegations"); *Djiwaje v. Bondi*, No. 26-CV-00344, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026) (citing Judge Jones's order in *Singh* and ordering immediate release after finding no lawful administrative warrant had been issued for petitioner's arrest under § 1226(a)); *Laura E.P.G. v. Bondi*, No. 26-560, 2026 WL 242266, at *1 (D. Minn. Jan. 29, 2026) ("Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a) . . . the appropriate remedy is release from custody."); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. Sep. 21, 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified.").

## C.     The Court should decline to address Petitioner's remaining claims because at most they would entitle him to a bond hearing.

Petitioner also alleges he has not had an opportunity to challenge his detention in violation of his due process rights, the INA, the APA, and ICE regulations.  Pet. at 7-8.  If the Court adopts the undersigned's recommendation and orders Petitioner's release because he was not arrested pursuant to a warrant, the Court should decline to decide the merits of Petitioner's remaining claims based on his continued detention without an individualized bond hearing.  *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing

9

pursuant to § 1226(a)).  At most, Petitioner's INA and due process claims based on his continued detention entitle him to a bond hearing pursuant to § 1226(a) at which he will bear the burden of proof, consistent with this Court's prior rulings and Tenth Circuit precedent.  *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Kumar*, 2026 WL 1960943, at *2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing").

Further, Petitioner's APA claims "necessarily imply the invalidity of [his] confinement" and "fall within the core of the writ of habeas corpus and thus must be brought in habeas."  *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified); *see also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring); *Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas*, 533 U.S. at 687)).  Accordingly, Petitioner is not entitled to APA relief.

Finally, to the extent Petitioner alleges Respondents violated 8 C.F.R. § 241.4 by not providing him an interview or opportunity to respond to the reasons for re-detention, that regulation governs detention of noncitizens subject to a final order of removal and beyond the removal period.  Petitioner, though, has a pending appeal with his immigration proceedings and is not yet subject to a final order of removal.  *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal are governed by 8 C.F.R. §§ 241.4 and

241.13." (citation modified))

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to release Petitioner immediately subject to an appropriate order of supervision.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 4, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 7, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 28th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

11